Matter of Luckenbaugh v Glens Falls Hosp. (2019 NY Slip Op 07125)





Matter of Luckenbaugh v Glens Falls Hosp.


2019 NY Slip Op 07125


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

527638

[*1]In the Matter of the Claim of Sharon Luckenbaugh, Appellant,
v
Glens Falls Hospital et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 5, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Buckley, Mendleson, Criscione & Quinn, PC, Albany (Richard J. Frontero III of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed April 12, 2018, which ruled, among other things, that claimant failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by a Workers' Compensation Law Judge.
After she inhaled chemicals at work, claimant sustained an injury, and her claim was established for allergic reactions affecting her nasal and respiratory systems. Five years later, claimant stopped working after she accepted a voluntary separation severance package. Following hearings, a Workers' Compensation Law Judge issued a decision that amended the claim to include work-related multiple chemical sensitivity syndrome, and found that claimant had voluntarily removed herself from the labor market. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) and claimant filed applications for Board review (form RB-89), and both filed rebuttals. The Workers' Compensation Board found that both parties had failed to properly complete their RB-89 forms and denied both applications for Board review. Claimant appeals.
We affirm. Claimant argues that the Board improperly refused to address the merits of her application for Board review based upon her failure to comply with the rules governing the content of such applications. As we have previously stated, "the Board 'may adopt reasonable rules consistent with and supplemental to the provisions of the Workers' Compensation Law,' and the Chair of the Board 'may make reasonable regulations consistent with the provisions of the Workers' Compensation Law'" (Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d 1574, 1574 [2018] [brackets omitted], quoting Workers' Compensation Law § 117 [1]). Where, as here, a claimant is represented by counsel, the Board's regulations provide that "an application to the Board for administrative review of a decision by a Workers' Compensation Law Judge shall be in the format as prescribed by the Chair [of the Board]" and the application "must be filled out completely" (12 NYCRR 300.13 [b] [1]; see 12 NYCRR 300.13 [a] [3]; [b] [3] [iii]). The Chair of the Board designated form RB-89 as the proper form for applications for Board review (see Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]). Subject No. 046-940, issued by the Chair of the Board almost five months before claimant filed her application for Board review, unambiguously advised parties seeking Board review that applications are "filled out completely," as directed in 12 NYCRR 300.13 (b) (1), if "each section or item of form RB-89 . . . is completed in its entirety pursuant to the instructions for each form" (Workers' Comp Bd Release Subject No. 046-940). Subject No. 046-940 further makes clear, in bold and all capital letters, that "any application for review by a party . . . that is not filled out completely will be denied" (see 12 NYCRR 300.13 [b] [4]; see also Matter of Waufle v Chittenden, 167 AD3d at 1136; Matter of Johnson v All Town Cent. Transp. Corp., 165 AD3d at 1574-1575). We previously reviewed the many reasons identified by the Board for the format rules and regulations, including the requirement that applications be filled out completely, and found that the requirements are reasonable (see Matter of Perry v Main Bros Oil Co., 174 AD3d 1257, 1258-1259 [2019]; Matter of Jones v Human Resources Admin., 174 AD3d 1010, 1011-1012 [2019]). Contrary to claimant's argument, the Board complied with its obligations under Workers' Compensation Law § 23, including the requirement that it "render its decision upon such application [for review] in writing." This statutory provision for appeals does not alter the Board's authority to promulgate and enforce reasonable rules and regulations governing applications for Board review (see Workers' Compensation Law §§ 117 [1]; 124 [1]).
The record reflects that on claimant's form RB-89 filed with the Board, question number 13 — asking the appellant to specify the "Hearing dates, Transcripts, Exhibits and other Evidence" upon which the application for review is based — was left blank. The Board's instructions for completing form RB-89 plainly direct appealing parties that, with regard to question number 13, they should "[i]ndicate the hearing date(s) on which the issue(s) was raised before the [Workers' Compensation Law Judge], as well as other relevant hearing dates." The instructions further require that the appellant "[i]dentify by date and/or documents ID number(s) the transcripts, documents, reports, exhibits, and other evidence in the [B]oard's file that are relevant to the issues and grounds being raised for review." Under these circumstances, where claimant failed to provide any of the requested information for question number 13, the Board acted within its discretionary authority in denying claimant's application for Board review (see Matter of Perry v Main Bros Oil Co., 174 AD3d at 1259-1260; Matter of Jones v Human Resources Admin., 174 AD3d at 1013). We have considered claimant's remaining contentions and find that they lack merit.
Garry, P.J., Lynch and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.